UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLES RAY JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>BROOKINGS POLICE DEPARTMENT, DAMIAN WEETS, IN HIS OFFICIAL CAPACITY, AND JOHN MCQUISTION;<br><br>Defendants. | 4:18-CV-04164-RAL<br>4:18-CV-04165-RAL<br>4:18-CV-04166-RAL<br><br>OPINION AND ORDER |

Plaintiff Charles Ray Johnson (Johnson) filed three closely related pro se civil rights lawsuits in succession under 42 U.S.C. § 1983. These suits appear to arise out of the same facts Johnson alleged in cases this Court previously screened: namely, 4:18-CV-04098-RAL, 4:18-CV-04099-RAL, 4:18-CV-04100-RAL, and 4:18-CV-04140-RAL. In the instant suits, Johnson alleges, without providing any factual background, that his constitutional rights were violated when police officer Damian Weets (Officer Weets) demanded that Johnson show him his ID and when his probation officer John McQuistion (McQuistion) subsequently detained him for having been ticketed for failing to so provide his ID. Johnson further alleges that the Brookings Police Department has an unconstitutional policy of requiring police officers to ask for ID. Johnson requests that he be discharged from probation, that Officer Weets undergo anger management training, that the Brookings Police Department revise their policies requiring whether police officers may ask for ID, and $3.5 million in damages.

In opinions dated November 2 and November 14, 2018, this Court set forth the factual background underlying these claims:

> Johnson states that police officer Damian Weets (Officer Weets), having been called to investigate Johnson's activities as he sat with a woman in a car outside a residential housing unit for five hours, brandished his weapon and pointed it at Johnson after Johnson failed to provide the officer his identification. Johnson claims that the officer had no probable cause to investigate Johnson's activities and believes that police were called by residents whom Johnson had previously reported to the police for failure to supervise a toddler. Officer Weets ultimately arrested Johnson for False Impersonation to Deceive Law Enforcement, and Johnson, who was on state probation or parole, spent approximately one week in the South Dakota Department of Correction's Jameson Annex as a result of the arrest.

*Johnson v. Brookings Police Dep't.*, 2018 WL 5729913, *1 (D.S.D. 2018). Since Johnson has alleged no factual background in his current lawsuits such as would survive dismissal under the screening procedure required by 28 U.S.C. § 1915(e)(2), this Court infers, based on the virtually identical nature of the claims and the requirement to construe pleadings liberally, that the circumstances that led to Johnson's prior suits also underlie his current claims. In either case, this Court dismisses Johnson's Complaints in accordance with the screening procedure required by 28 U.S.C. § 1915(e)(2).

I. **Standard of Review**

Suits brought in forma pauperis are subject to a two-step screening process, which first requires the plaintiff to demonstrate financial eligibility to proceed without prepayment of fees. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982); *see e.g.*, *Lundahl v. JP Morgan Chase Bank*, 2018 WL 3682503, *1 (D.S.D. 2018). A person may be granted permission to proceed in forma pauperis if he or she "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor."

28 U.S.C. § 1915(a)(1). The litigant is not required to demonstrate absolute destitution, and the determination of whether a litigant is sufficiently impoverished to qualify to so proceed is committed to the court's discretion. *Lee v. McDonald's Corp.*, 231 F.3d 456 (8th Cir. 2000); *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983); *see, e.g., Babino v. Janssen & Son*, 2017 WL 6813137, *1 (D.S.D. 2017). In light of the information Johnson has provided in his financial affidavits, this Court finds that he may proceed in forma pauperis.

Nonetheless, given that Johnson has now filed seven lawsuits against the same defendants based on the same facts, with other lawsuits against different defendants pending, it is incumbent upon this Court to inform Johnson that "the decision whether to grant or deny in forma pauperis status is within the sound discretion of the trial court." *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983) (internal citations omitted). A judge, "after weighing the relevant factors" may "properly determine[] that a litigant's abusive conduct merits a prefiling injunction." *In re Pointer*, 345 Fed.Appx. 204, 205 (8th Cir. 2009). Plaintiffs "who in bad faith consistently abuse the judicial process and privilege of litigating at public expense" may be subject to pre-filing review procedures "restricting the availability of cost-free access to court." *Bennett v. Miller*, 2014 WL 60092, *7 (D.S.D. 2014) (quoting *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981)). Johnson's multiple frivolous lawsuits may ultimately support such an injunction should he continue to file meritless suits.

The second step of the in forma pauperis screening process requires a district court to determine whether a pro se civil action against a governmental entity or employee should be dismissed as "frivolous, malicious, or fail[ing] to state a claim upon which relief may be granted" or for "seek[ing] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *Martin-Trigona*, 691 F.2d at 857; *see also Lundahl*, at *1. Pro se complaints must

be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Native Am. Council of Tribes v. Solem*, 691 F.2d 382 (8th Cir. 1982). Notwithstanding its liberal construction, a pro se complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact;" that is, where the claim is "based on an indisputably meritless legal theory" or where, having "pierce[d] the veil of the complaint's factual allegations," the court determines those facts are "fantastic or delusional." *Neitzke v. Williams*, 490 U.S. 319, 325, 327–28 (1989) (internal citations omitted); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Complaints are "malicious" where the plaintiff knows that such complaint is based on false allegations. *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (internal citations omitted).

A court may dismiss a complaint for failure to state a claim "as a matter of law if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Neitzke*, 490 U.S. at 327 (1989) (internal citations omitted). To avoid dismissal, a complaint "must show that the plaintiff 'is entitled to relief,' . . . by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) (quoting *In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017) (*en banc*), Fed. R. Civ. P. 8(a)(2), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To determine whether a claim is plausible on its face is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (2009). A complaint must allege "more than labels and conclusions." *Torti*, 868 F.3d at 671 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## II. Constitutional Claims Against Brookings Police Department

This Court has ruled in Johnson's prior case against Brookings Police Department that "[i]t is well-settled law that police departments, sheriff's offices, and jails are not persons within the

meaning of 42 U.S.C. § 1983 and are thus not amenable to suit." *Johnson v. Brookings Police Dep't.*, 2018 WL 5729913, *2 (D.S.D. 2018). As such, Johnson's claims of false arrest and conspiracy to deprive him of his civil rights against the Brookings Police Department should be dismissed.

## III. Constitutional Claims Against Officer Weets

Johnson claims that Officer Weets conspired to deprive Johnson of his civil rights and unlawfully detained him when he ultimately arrested Johnson for False Impersonation to Deceive Law Enforcement for failing to show his ID. Johnson has filed his suit against Officer Weets in his official capacity. As this Court previously articulated

> A claim brought against a state official in his or her official capacity is treated as a suit against the state or political subdivision itself. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). In an official capacity suit, the plaintiff must demonstrate that a policy or custom of the governmental entity of which the official was an agent motivated the alleged constitutional violation. *Id.* at 166; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991). State officials may only be sued in their official capacity for injunctive relief, not for damages. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 n.24 (1997); and *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n.10 (1989).
>
> To establish a claim for such custom liability, plaintiff must demonstrate the following:
> (1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
> (2) Deliberate indifference to or tacit authority of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
> (3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.
>
> *Johnson v. Douglas County Medical Dept.*, 725 F.3d 825, 827 (8th Cir. 2013). Governmental entities may be sued for constitutional violations that arise via governmental custom "even though such a

> custom has not received formal approval through the body's official
> decisionmaking channels." *Monell v. Dep't of Soc. Servs.*, 436 U.S.
> 658, 691 (1978). Claims based on a theory of vicarious liability,
> however, may not be brought under § 1983. *Aschcroft v. Iqbal*, 556
> U.S. 662, 676 (2009).

*Johnson v. Brookings Police Dep't*, 2018 WL 5729913, *2 (D.S.D. 2018). Here, unlike in his previous lawsuit, Johnson claims that Officer Weets' actions were the result of "the policies and training he received which required an officer to ask for ID." However, Johnson has alleged no facts to support finding that either a policy or custom of the Brookings Police Department deprived him of his constitutional rights. Johnson has provided no evidence that the Brookings Police Department maintains an unconstitutional written policy or training regarding *Terry* stops conducted by its officers. *McGautha v. Jackson County, Missouri, Collections Department*, 36 F.3d 53, 56 (8th Cir. 1994). Nor has he provided any evidence of a custom depriving multiple individuals of their constitutional rights or multiple incidents depriving him of his constitutional rights. *Johnson v. Douglas County Medical Dept.*, 725 F.3d 825, 829 (8th Cir. 2013) (internal citations omitted). Indeed, "a single deviation from a written, official policy does not prove a conflicting custom." *Id.* (quoting *Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir.1991)).

Having presented insufficient evidence to satisfy the first prong of a claim for custom liability, this Court notes that the facts alleged in Johnson's complaint also fail the second prong of a custom liability claim: he has alleged no instance of deliberate indifference or tacit authorization of unconstitutional conduct by the Brookings Police Department's policymaking officials. It is clear, then, that Johnson has not alleged sufficient facts to establish a claim for custom liability. Moreover, the monetary damages Johnson seeks are not available against Officer

Weets in his official capacity. Johnson's claim against Officer Weets should therefore be dismissed.

IV.     **Constitutional Claims Against John McQuistion**

Plaintiff claims that his probation officer, John McQuistion, unlawfully detained him following his arrest for False Impersonation to Deceive Law Enforcement, even though Johnson alleged his innocence. Johnson spent approximately one week in the South Dakota Department of Correction's Jameson Annex. This Court previously addressed identical claims brought by Johnson against John McQuistion. *Johnson v. Johnson*, 2018 WL5983508, *2 (D.S.D. 2018). As articulated there

> Both §§ 1983 and 1985(3) require the violation of a right protected under the Constitution or federal law as a predicate. *Gatlin ex. rel. Estate of Gatlin v. Green*, 362 F.3d 1089, 1093 (8th Cir. 2004) (internal citations omitted); *Federer v. Gephardt*, 363 F.3d 754, 758 (8th Cir. 2004). Plaintiff has pled no such violation. Even construing Plaintiff's Complaints liberally, Plaintiff has not pled facts to support a constitutional or federal law violation. Plaintiff has not alleged, for instance, that his arrest was conducted without a warrant, nor that such warrant was unlawfully executed in violation of the Fourth Amendment. *U.S. v. Mims*, 812 F.2d 1068, 1072 (8th Cir. 1987). Plaintiff himself alleges violations of his probation that would have been sufficient grounds to establish probable cause for his arrest—such as failing to pass a drug test. *Id.* ("The task of a magistrate in determining whether probable cause exists for issuing a warrant is simply to make a practical, common-sense decision whether ... the defendant has committed a crime."). Nor has Plaintiff claimed that the detention following his arrest was extended, such as to trigger a Due Process Clause claim. *Luckes v. County of Hennepin. Minn.*, 415 F.3d 936, 939 (8th Cir. 2005).

Johnson has pled no new facts—and this Court sees no reason to liberally construe Johnson's Complaint to infer any new facts—such as to support a prima facie case of a constitutional violation of his rights by John McQuistion. Johnson has alleged a new claim that his parole was

unlawfully extended by his probation officer; however, he has provided no factual basis to support such a fantastical claim.

## V. Claims for Intentional and Negligent Infliction of Emotional Distress

As with this Court's prior rulings, Johnson's claims for intentional and negligent infliction of emotional distress are state law claims. Although this Court could exercise supplemental jurisdiction over these claims under 28 U.S.C. § 1367 pursuant to a § 1983 action, where, as here, the federal claims upon which jurisdiction over the state law claims are dismissed, the state law claims should also be dismissed. Johnson may file infliction of emotional distress claims in state court.

## VI. Order

Accordingly, it is hereby ORDERED

1. Johnson's motions for leave to proceed in forma pauperis, Doc. 2, 18-CV-4164-RAL; Doc. 2, 18-CV-4165-RAL; and Doc. 2, 18-CV-4166-RAL, are granted.

2. Johnson's Complaints, Doc. 1, 18-CV-4164-RAL; Doc. 1, 18-CV-4165-RAL; and Doc. 1, 18-CV-4166-RAL, are dismissed without prejudice.

DATED May 17th, 2019.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE